IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:19-cr-00078

BRANDON CARTER

## MEMORANDUM OPINION AND ORDER

On February 20, 2020, I sentenced Defendant Brandon Carter to a term of imprisonment of 30 months, followed by 3 years of supervised release. [ECF No. 39]. At Defendant Carter's sentencing hearing, he objected to the calculation of his base offense level under the United States Sentencing Guidelines (the "Guidelines"), arguing that the Guidelines do not include "attempt" offenses in the definition of a "controlled substance offense." I **ORDER** the objection sustained based on the reasons given at the sentencing hearing and those that follow.

### I. Background

On August 8, 2019, Defendant Carter pled guilty to being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Guideline for 18 U.S.C. § 922(g)(1) offenses is found in § 2K2.1. Section 2K2.1(a)(2) provides for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining two felony convictions for either a crime of violence or a

controlled substance offense." Sentencing Guidelines Manual § 2K2.1(a)(2) (U.S Sentencing Comm'n 2018). In 2009, Defendant Carter was convicted of Attempt to Manufacture a Controlled Substance in violation of W.V. Code §§ 61-11-8 and 60A-4-401(a).[1] The Government and Probation designated this 2009 conviction as a "controlled substance offense," meaning that Defendant's base offense level for his Felon in Possession conviction increased from 14 to 24. *See id.* Defendant objected, arguing that "attempt" to commit a "controlled substance offense" does not qualify as a "controlled substance offense" which, would trigger the enhancement to the base offense level contained in § 2K2.1. At the sentencing hearing, I indicated that the objection would be sustained.

II. Discussion

Section 2K2.1(a)(2) defines a "controlled substance offense" via cross-reference to the career-offender guideline, § 4B1.2. *Id.* at § 2K2.1 cmt. n.1. Section 4B1.2(b) defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance…or

---

[1] Defendant's objection to Paragraph 13 contained in the Presentence Investigation Report, states that defendant was convicted of "Operating or attempting to operate clandestine drug laboratories" under West Virginia Code § 60A-4-411 (2003). However, the records from the Circuit Court of Putnam County, West Virginia indicate Defendant Carter pled guilty to Attempt to Manufacture a Controlled Substance in violation of W.V. Code §§ 61-11-8 and 60A-4-401(a). Although he was also charged with "Operating or attempting to operate clandestine drug laboratories," that charge was dismissed. *State of West Virginia v. Brandon Carter*, No. 08-F-84 (April 30, 2009).

the possession of a controlled substance…with intent to manufacture, import, export, distribute or dispense." *Id.* at § 4B1.2(b).

The issue of whether Defendant's 2009 conviction qualifies as a predicate offense under § 2.K2.1(b) calls for a two-prong inquiry. The first prong requires the court to determine whether the Guidelines include "attempt" in the definition of a "controlled substance offense." If that first question is answered in the affirmative, then the second prong requires the court to determine—using the categorical approach—whether West Virginia's criminal statutes for Attempt and Manufacturing a Controlled Substance fit the generic offenses for the respective crimes. I answer the first prong in the negative and therefore do not reach the second.

The Government's reliance on *United States v. Dozier*, 848 F.3d 180, 185 (4th Cir. 2017) is misplaced. The Fourth Circuit in *Dozier* answered only the second prong of the relevant inquiry. In that case, the court found that West Virginia's Attempt statute (W. Va. Code § 61–11–8) "qualifies as a generic attempt offense" and that West Virginia's statute governing Defendant Dozier's underlying drug offense, which prohibits the manufacturing of a controlled substance (W. Va. Code § 60A–4–401), "is a categorical match for a generic 'controlled substance offense.'" *Id.* at 187. The Fourth Circuit's analysis in *Dozier* does not speak to whether the Guidelines include "attempt" in its definition of a "controlled substance offense." In a footnote, the court specifically explained, "Dozier does not contend the commentary to § 4B1.2 violates the Constitution or federal law, nor does he assert the commentary is inconsistent with § 4B1.2." *Id.* 185, n.2. Therefore, the sole issue on appeal in that case was

3

whether Defendant Dozier's prior conviction matched the generic offenses for Attempt and Manufacturing of a Controlled Substance. *Dozier*, 848 F.3d at 185.

### a. Whether the Guidelines include "attempt" in the definition of a "controlled substance offense."

There is a circuit split on the question presented in this case. The Sixth Circuit and the D.C. Circuit have recently found that the Guidelines' definition of "controlled substance offense" does not include "attempt" crimes. *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019); *United States v. Winstead*, 890 F.3d 1082, 1089 (D.C. Cir. 2018). Several other circuits have found the opposite, deferring to the Guidelines' commentary. *See e.g.*, *United States v. Crum*, 934 F.3d 963, 967-968 (9th Cir. 2019) (finding that the Court is not free to depart from the holding in prior cases that the term "controlled substance offense" as defined in §4B1.2(b) encompasses attempt offenses); *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995) (holding that "controlled substance offense" encompasses "attempt" offenses); *United States v. Piper*, 35 F.3d 611, 617 (1st Cir. 1994) (holding same); *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994) (holding same). The Fourth Circuit, as previously explained, left the question open in *Dozier*. *See Dozier*, 848 F.3d at 185, n.2. I am persuaded by the reasoning of the Sixth and D.C. Circuits.

The text of § 4B1.2 does not include "attempt" in the definition of "controlled substance offense." Sentencing Guidelines Manual § 4B1.2 (U.S Sentencing Comm'n 2018). "Attempt" appears only in the commentary notes to § 4B1.2. Note 1 provides that a "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* at § 4B1.2 cmt. n.1.

4

"[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative *unless* it . . . is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993) (emphasis added). The Sixth Circuit reasoned that the inchoate crimes listed in the commentary cannot be used to expand the definition of a controlled substance offense beyond the text of the Guidelines. *Havis*, 927 F.3d at 387. The Commission used note 1 to add an offense not listed in the text of § 4B1.2. The Sixth Circuit explained that the notes are to be "interpretations of, not additions to, the [G]uidelines themselves." *Id.* It went on to reason that "if the [C]ommission wishes to expand the definition of controlled substance offenses to include attempts, it may seek to amend the language of the [G]uidelines by submitting the change for congressional review." *Id.*

It is apparent that the Commission knows how to include "attempt" crimes when it so chooses. In subsection (a) of the same guideline, for example, the Commission defines "crime of violence" as including offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." Sentencing Guidelines Manual § 4B1.2(a)(1) (U.S Sentencing Comm'n 2018). The inclusion of "attempt" in the definition of "crime of violence" suggests the Commission made an explicit choice to exclude "attempt" in the definition of "controlled substance offense." *See Winstead*, 890 F.3d at 1091 (noting "Section 4B1.2(b) presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses. Expressio unius est exclusio alterius. Indeed, that

5

venerable canon applies doubly here: the commission showed within § 4B1.2 itself that it knows how to include attempted offenses when it intends to do so.").

Listing the crime of "attempt" in the commentary therefore does more than interpret or explain the text of the Guidelines. Instead, listing "attempt" adds an entirely new offense to the "controlled substance offense." *See Stinson*, 508 U.S. at 38; *see also Havis*, 927 F.3d at 386 ("[b]ut the Government sidesteps a threshold question: is this really an 'interpretation' at all?"). Thus, the commentary is plainly inconsistent with the text of § 4B1.2(b), and any inconsistency should be "resolved in favor of the text." *See Shell*, 789 F.3d at 345.

This reasoning is consistent with my decision in *United States v. Cooper*, 410 F. Supp. 3d 769, 772 (S.D.W. Va. 2019), in which I found that conspiracy does not qualify as a "crime of violence" under the Guidelines. In that case, I held that the commentary's inclusion of conspiracy in the definition of "crime of violence" impermissibly added an additional crime to the definition outlined in the text of § 4.B1.2(a)(1). *Id.* Moreover, while not binding on this court, two of my colleagues in the Southern District of West Virginia have recently held that Attempt to Deliver a Controlled Substance does not qualify as a "controlled substance offense" under the definition provided in § 4B1.2(b). *See United States v. Bond*, No. CR 3:18-00210, 2019 WL 5957203, at *2 (S.D.W. Va. Nov. 12, 2019) (Chambers, J.); Sentencing Hr'g in *United States v. Gibbs*, No. 2:18-cr-89-1 (July 31, 2019) [ECF No. 59] (Copenhaver, J.).

### III. Conclusion

For the reasons stated at the sentencing hearing and the foregoing reasons stated in this opinion, the court **ORDERS** Defendant Carter's objection sustained and **FINDS** that his prior conviction for Attempt to Manufacture a Controlled Substance in West Virginia does not qualify as a "controlled substance offense" as defined in § 4B1.2(b). The court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: February 25, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE